# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RICKY PYZYNSKI,**

    **Plaintiff,**

v.                       Case No: 6:16-cv-1998-Orl-40DCI

**THOMAS & BETTS CORP.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR REMAND AND INCORPORATED MEMORANDUM OF LAW (Doc. 18)** |
| **FILED:** | **December 15, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

On October 21, 2016, Plaintiff filed a complaint against Defendant in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida. Doc. 2. Therein, Plaintiff alleged four causes of action arising from Plaintiff's employment with Defendant. *Id.* Count I arises under Florida's Workers Compensation Act (FWCA); Count II arises under the Family and Medical Leave Act (FMLA); Count III arises under the Americans with Disabilities Act (ADA); and Count IV arises under the Florida Civil Rights Act (FCRA). Doc. 2 at 6-11; Doc. 18 at 1. In Count II, Count III, and Count IV, Plaintiff sought the following damages against Defendant: back pay and

benefits; interest on back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; punitive damages; liquidated damages; injunctive relief, and attorney fees and costs. Doc. 2 at 7-11.

On November 15, 2016, Defendant filed its notice of removal seeking to remove Count II, Count III, and Count IV of the Complaint to the United States District Court for the Middle District of Florida.[1] Doc. 1. Defendant argued that this Court has original jurisdiction over this matter pursuant to both federal question jurisdiction and diversity jurisdiction. *Id*. at 2-6.

On December 15, 2016, Plaintiff filed a motion for remand (the Motion). Doc. 18. In the Motion, Claimant argued that Count I and Count IV should be remanded to state court. *Id*. With regard to Count I, Plaintiff argued that his FWCA claim was not subject to removal, and that it should therefore be remanded. *Id*. at 2-3. With regard to Count IV, Plaintiff argued that his FCRA claim "is based on Florida state law and arises from the same facts and circumstances as the FWCA claim," and that the Court should therefore remand Count IV to state court. *Id*. at 3-4. Plaintiff failed to challenge or address, in any way, Defendant's argument that this Court has original jurisdiction over Count IV pursuant to diversity jurisdiction. *Id*. at 1-6.

Defendant responded to the Motion on December 28, 2016 (the Response). Doc. 19. In its Response, Defendant argued that the Court does not have the discretion to remand an FCRA claim over which it has diversity jurisdiction. *Id*. In the alternative, Defendant argued that the Court has supplemental jurisdiction over Plaintiff's FCRA claim and that the Court should exercise

---

[1] Defendant conceded that the Court does not have jurisdiction over Plaintiff's FWCA claim (Count I), and stated that "Defendant does not seek to remove Plaintiff's FWCA claim." Doc. 1 at 3-4.

its discretion to retain Plaintiff's FCRA claim.[2] *Id*. Defendant did not argue that the Court should retain Plaintiff's FWCA claim. *Id*. at 2. Instead, Defendant advised the Court that its notice of removal did not seek to remove Plaintiff's FWCA claim because Plaintiff's FWCA claim is not subject to removal. *Id*.

## II. DISCUSSION

### A. Count I – Plaintiff's FWCA Claim

As previously noted, Defendant stated in its notice of removal and in its Response that it was not seeking removal of Plaintiff's FWCA claim. Docs. 1; 19. Regardless, the Court lacks subject matter jurisdiction over Plaintiff's FWCA claim. *See* 28 U.S.C. § 1445(c); *see, e.g.*, *Perdue v. Westpoint Home, Inc.*, No. 5:07cv192-RS-AK, 2007 WL 3202455, at *1-3 (N.D. Fla. Oct. 26, 2007) (citing *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000)). Accordingly the undersigned respectfully **RECOMMENDS** that the Court remand Count I to state court.

### B. Count IV – Plaintiff's FCRA Claim

"A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction." *Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citation omitted).

---

[2] Defendant also argued that Plaintiff failed to comply with Local Rule 3.01(g). Doc. 19 at 6. Although the undersigned will address the substance of Plaintiff's Motion, Plaintiff is cautioned that failure to comply with Local Rule 3.01(g) in the future will result in an immediate denial, or an immediate recommendation of denial.

Federal diversity jurisdiction exists "where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. 1332(a). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) ("What counts is the amount in controversy at the time of removal."); *Adventure Outdoors*, 552 F.3d at 1294–95. "Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319 (citations omitted). However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). Rather, a court may consider the evidence combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations. *See id.*; *see also S. Fla. Wellness*, 745 F.3d at 1315.

Here, Plaintiff does not challenge the existence of federal diversity jurisdiction. *See* Doc. 18. And upon review of Defendant's notice of removal, the undersigned finds that the Court has diversity jurisdiction over this matter.[3] This finding is significant because 28 U.S.C. § 1441(c) –

---

[3] The parties are citizens of different states and Defendant has made an adequate showing that the amount in controversy exceeds $75,000. Doc. 1. According to Defendant, Plaintiff, whose employment was terminated on December 28, 2012, was making a salary of more than $20 per hour and is seeking back pay and benefits, interest on back pay and benefits, front pay and benefits, compensatory damages for emotional pain and suffering, punitive damages, liquidated damages, and attorney fees and costs. Thus, Defendant argued, the amount in controversy is greater than $200,000.00. Plaintiff did not challenge Defendant's allegation regarding Plaintiff's salary or Defendant's calculation of the amount in controversy. Based upon the foregoing, the undersigned finds that the preponderance of the evidence supports that the amount in controversy exceeds $75,000.00.

Plaintiff's purported basis for remand – does not apply to claims or causes of action over which the Court has diversity jurisdiction.[4] *See Perdue*, 2007 WL 3202455, at *3-5. Plaintiff offered no argument to the contrary, nor did Plaintiff offer any alternative basis for remand of a claim over which the Court has diversity jurisdiction. Accordingly, remand of Count IV is not appropriate in this case.

Regardless, even if the Court did not have federal diversity jurisdiction over Count IV, the undersigned finds that remand of Count IV is not appropriate in this case. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, Count IV forms part of the same case or controversy as Count II and Count III, Counts over which the Court has federal question jurisdiction. Thus, the exercise of supplemental jurisdiction over Count IV is appropriate.

Plaintiff did not argue that the exercise of supplemental jurisdiction over Count IV was inappropriate.[5] Instead, Plaintiff argued that the Court should exercise its discretion pursuant to § 1441(c) to remand Count IV to state court because Count IV "is predominately state-based law and it arises out of the same facts and circumstances as the FWCA claim." Doc. 18 at 3-4. But

---

[4] Moreover, as will be discussed, Plaintiff relied upon an old version of § 1441(c) that has since been amended.

[5] Plaintiff did not argue that the Court lacked federal question jurisdiction over Count II and Count III, or that Count IV is not part of the same case or controversy as Count II and Count III. Doc. 18. In fact, Plaintiff stated in his Motion that "Plaintiff's entitlement to relief under all four counts is based upon identical facts and circumstances." *Id*. at 2.

Congress has amended § 1441(c), and that section no longer includes the language cited to by Plaintiff in support of his argument.[6] *See* 28 U.S.C. § 1441(c).

Nevertheless, in an abundance of caution, the undersigned liberally construes Plaintiff's argument to be that the Court should, pursuant to § 1367(c), decline to exercise supplemental jurisdiction over Count IV. Section 1367(c) provides that the district courts "may" decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it has original jurisdiction, or if there are exceptional circumstances or other compelling reasons for declining jurisdiction.

Plaintiff has failed to convince the undersigned that any of the foregoing factors apply. Plaintiff did not argue, and the undersigned does not find, that Count IV raises a novel or complex issue of state law. Nor did Plaintiff argue, nor does the undersigned find, that Count IV substantially predominates over Count II and Count III. And the Court has not dismissed Count II and Count III, the claims over which it has federal question jurisdiction. Finally, the undersigned does not find that Plaintiff's stated reasons for remand – that Count IV is predominately state-based law, that it arises out of the same facts and circumstances as the FWCA claim, and that remand would be in the interest of judicial economy[7] – are exceptional circumstances that warrant

---

[6] Section 1441(c) provides, in part, that the district court shall sever and remand to state court all claims "not within the original or supplemental jurisdiction of the district court or [claims] that [have] been made nonremovable by statute." This provision is not applicable here. As previously discussed, the Court may appropriately exercise supplemental jurisdiction over Count IV.

[7] To the extent Plaintiff can be said to have argued that remand would be in the interest of judicial economy, Plaintiff did so in a perfunctory manner, stating only that Count IV should be remanded "for the sake of judicial economy." Doc. 18 at 4.

remand. Plaintiff made no attempt to explain to the Court why it would be in the interest of judicial economy to remand Count IV given that Count IV also arises out of the same facts and circumstances as Count II and Count III. In addition, the undersigned notes that in the case relied on by Plaintiff, *Quitto v. Bay Colony Golf Club, Inc.*, No. 2:06-cv-286-Ftm-29DNF, 2006 WL 2598705, (M.D. Fla. Sept. 11, 2006), the court, despite remanding the plaintiff's FWCA claim, exercised its discretion under § 1367 to retain jurisdiction over the plaintiff's FCRA claims. *See also Johnston v. Morton Plant Mease Healthcare, Inc.*, No. 8:07-cv-179-T-26EAJ, 2007 WL 570078, (M.D. Fla. Feb. 20, 2007) (remanding the plaintiff's FWCA claim but retaining jurisdiction over the plaintiff's FCRA claim).

For all of the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Court retain jurisdiction over Count IV.

### III. CONCLUSION

For the reasons stated above, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 18) be **GRANTED in part**, in that the Court remand Count I to state court; and

2. The Motion (Doc. 18) otherwise be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 14, 2017.

/s/ Daniel C. Irick
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy